UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

James Briks, et al.,                                    Court File No. 19-cv-1 (NEB/LIB)

        Plaintiffs,
**ORDER AND**
v.                                                      **REPORT AND RECOMMENDATION**

Karl J. Yeager, et al.,

        Defendants.

---

      This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636.

      Plaintiffs James Briks and Jerome Briks (hereinafter collectively "Plaintiffs"), proceeding pro se, initiated the present case on January 2, 2019. (Compl. [Docket No. 1]). Plaintiffs named as Defendants Karl J. Yeager; "Meager & Greer, attorneys at law"; Sue M. Kirtz, and various John and Jane Does. (See, Id.). Plaintiffs assert that all parties are residents of Minnesota. (See, Id. at 2).

      In their Complaint, Plaintiffs assert that they previously retained Defendants "to engage in legal proceedings to prosecute a Civil Complaint in the State of Minnesota . . . ." (Id. at 3). Plaintiffs contend, however, that Defendants in this action improperly served the defendants in that state court action, and therefore, Plaintiffs suffered "a total los[e] of the entire situation . . . ." (Id. at 3–4).

      On the basis of those assertions, Plaintiffs purport to raise claims of (1) negligence, (2) breach of contract, and (3) breach of unjust enrichment. (Id. at 4–9). As relief, Plaintiffs seek "general damages in excess of $10,000.00"; "special damages in excess of $10,000.00"; "actual

damages in excess of $10,000.00"; "monetary or punitive damages against all Defendants . . . in a set amount of $75,000,000.00"; and "any other relief this Court sees fit." (Id. at 10).

On January 2, 2019, Plaintiffs filed a "Motion for Screening of Complaint Under 28 U.S.C. § 1915A(a)." [Docket No. 8]. Plaintiffs' Motion requested that their Complaint be "screened pursuant to 28 U.S.C. § 1915A(a)." (Id.).

On January 8, 2019, the undersigned issued an Order, [Docket No. 10], denying Plaintiffs' "Motion for Screening of Complaint Under 28 U.S.C. § 1915A(a)." In that Order, the Court also explained that based on the record then presently before the Court Plaintiffs' Complaint failed to establish that subject matter jurisdiction exists in the present case. (Order [Docket No. 10]). "Although it appear[ed] evident to the Court that subject matter jurisdiction d[id] not exist in the present case, the Court [afforded] Plaintiffs an opportunity to explain why subject matter jurisdiction exists." (Id.). The Court directed Plaintiffs to file a response as to the issue of subject matter jurisdiction by no later than February 8, 2019. (Id.). The Court warned Plaintiffs that if subject matter jurisdiction does not exist in the present case, then the present action must be dismissed. (Id.).

Plaintiff caused a summons and a copy of the Complaint to be served on Defendants on January 14, 2018. (Summons Returned Executed [Docket No. 11]).

On January 25, 2019, Plaintiffs filed a document entitled "Memorandum of Points and Authorities In Support of Subject Matter Jurisdiction Exists." [Docket No. 12]. The document, however, does not address the issue of subject matter jurisdiction. (See, Id.). Rather, in that document Plaintiffs discuss a request to amend their Complaint. Specifically, Plaintiff assert that they seek to add further claims for relief including a claim of negligence, breach of contract, "breach of unjust enrichment," violations of good-faith and fair-dealing, violations of procedural due process, and intentional infliction of emotional distress. (Id.). Plaintiffs fail to proffer any

factual allegations in support of these claims; Plaintiffs merely list the claims. (Id.). Plaintiffs assert that these claims "give this Court both subject matter and personal jurisdiction in this case." (Id.).

On January 28, 2019, Defendants filed their first Motion to Dismiss. [Docket No. 15]. In their Motion, Defendants argue the present case should be dismissed because this Court lacks subject matter jurisdiction over the claims contained in Plaintiffs' Complaint.

On January 28, 2019, the Honorable Nancy E. Brasel referred all dispositive and non-dispositive motions in the present case to the undersigned. (Order [Docket No. 20]).

On January 30, 2019, Plaintiffs, pursuant to Rule 15 of the Federal Rules of Civil Procedure, filed their timely Amended Complaint. [Docket No. 24]. Plaintiffs' Amended Complaint is now the operative complaint in the present case. Factually, Plaintiffs' Amended Complaint is materially and substantially similar to their original Complaint. On the basis of the same general factual allegations, Plaintiffs, in their Amended Complaint, purport to raise claims of (1) negligence, (2) violation of good faith and fair dealing, and (3) "breach of unjust enrichment." (Id. at 8–14).[1] As relief, Plaintiffs now seek "general damages in excess of $75,000.00 per claim"; "punitive damages of $150,000,000"; and "attorney fees and costs and any other relief this Court see[s] fit." (Id. at 14).

On February 5, 2018, Defendants filed their second Motion to Dismiss. [Docket No. 28]. Defendants renew their argument that the present case should be dismissed because this Court lacks subject matter jurisdiction over the claims contained in Plaintiffs' Amended Complaint. Oral arguments on Defendants' Motion to Dismiss, [Docket No. 28], are scheduled to be heard before the undersigned on March 21, 2019. (Notice of Hearing [Docket No. 31]).

---

[1] Although Plaintiffs' memorandum containing a purported request to amend their Complaint listed a possible claim for violations of procedural due process and intentional infliction of emotional distress, those claims are neither proffered, listed, or discussed in Plaintiff's now operative Amended Complaint. (See, Id.).

On February 12, 2019, Plaintiffs filed a "Motion to Strick [sic] Defendants' Motion to Dismiss, and Enter Default." [Docket No. 35]. In their Motion, Plaintiffs argue that the Defendants' Motions to Dismiss were untimely, and therefore, according to Plaintiffs, Defendants' Motions to Dismiss must be stricken. (Id.). Further, Plaintiffs assert that judgment must be entered in their favor after the motions to dismiss are stricken. (See, Id.).

On February 14, 2019, Plaintiffs filed an Application for Default Judgment. [Docket No. 40]. In their Application for Default Judgment, Plaintiffs request that default judgment be entered against Defendants in the amount of $8,000,000.00. (Id.). Plaintiffs' request for default judgment is based on their misbelief that Defendants failed to respond to the Complaint and Amended Complaint in a timely fashion. (See, Id.).

The Court is required to liberally construe the filings of pro se parties. See, Erickson v. Pardus, 551 U.S. 89, 93 (2007) ("A document filed *pro se* is to be liberally construed[.]") (internal citation and quotation marks omitted)). A pro se litigant, however, "is not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984).

Federal Courts have limited jurisdiction and may only hear matters which fall within the jurisdiction of the Federal Courts. Marine Equipment Management Co. v. United States, 4 F.3d 643, 646 (8th Cir. 1993) ("Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."). This creates in the Federal Courts a self-imposed duty to inquire whether the prerequisite of subject matter jurisdiction has been satisfied in every case before them. See, Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (providing that courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party"). "When a requirement goes to subject-matter jurisdiction, courts are

4

obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented." Gonzalez v. Thaler, 132 S. Ct. 641, 649 (2012) (citing United States v. Cotton, 535 U.S. 625, 630, 122 S. Ct. 1781 (2002)). Subject matter can never be waived or forfeited, and it can be addressed at any time. See, Gonzalez, 132 S. Ct. at 649.

It is a tenet of our Federal Court system that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). "Subject matter jurisdiction . . . is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991) (emphasis added). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action *sua sponte.*" Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971) (citing Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)) (emphasis added).

It is the Plaintiffs' burden to establish that subject matter jurisdiction exists. See, Osborn v. United States, 918 F.2d 724, 730 (8th Cir.1990). As the Court previously forewarned Plaintiffs, if this Court determines that it lacks subject matter jurisdiction over Plaintiffs' claims, the Plaintiffs' action must be dismissed. See, Fed. R. Civ. P. 12(h)(3).

A federal district court may have subject matter jurisdiction based on either federal question jurisdiction, 28 U.S.C. § 1331, or on the basis of diversity of citizenship. 28 U.S.C. § 1332. Under § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under § 1332, "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between—(1) citizens of different States; [or] (2) citizens of a State and citizens or subjects of a foreign state . . . ." 28 U.S.C. § 1332.

Based on the record presently before the Court, Plaintiffs fail to demonstrate that subject matter jurisdiction exist in the present case. None of the documents filed by Plaintiffs address the jurisdictional concerns raised by the Court in its January 8, 2019, Order nor do any of the documents establish subject matter jurisdiction in the present case.

Plaintiffs fail to demonstrate that subject matter jurisdiction based on diversity of citizenship exists in the present case as Plaintiffs specifically assert that all parties are residents of Minnesota. (See, Amended Compl., [Docket No. 24], at 2). If all parties are residents of the same state, then there cannot be diversity of citizenship. See, 28 U.S.C. § 1332.

Plaintiffs fail to demonstrate that subject matter jurisdiction exists based on a federal question in the present case as there does not appear to be any claim in the present case "arising under the Constitution, laws, or treaties of the United States." (See, Amended Compl. [Docket No. 24]). When discussing their "good faith and fair dealing" claim in their Amended Complaint, Plaintiffs do assert that Defendants' representations to Plaintiffs "violated that breach of trust by an attorney of law, that would rise to a Federal Question" and that Defendants' actions constitute violations "under Federal and State law"; however, these conclusory assertions fall well short of establishing that subject matter jurisdiction exists in the present case. (See, Amended Compl., [Docket No. 24], at 5, 11). Plaintiffs include the terms "federal question" and "federal law" in their Amended Complaint, but there are no factual allegation in support of either assertion, i.e. Plaintiffs fail to identify any "Constitution, law[], or treat[y] of the United States" under which any claim in the present case arises. All of Plaintiffs' claims in the present case are simply state law causes of action over which this Court lacks subject matter jurisdiction.

Lastly, the Court notes that although Plaintiffs hinted at a possible "violation of due process" claim in their Memorandum as discussed above, the Plaintiffs chose not to allege such a claim in their Amended Complaint. (See, Id.). Further, no such claim is supported by the facts

6

alleged in the Amended Complaint, i.e., Plaintiffs do not allege any due process of which they were denied, and they have not named as a defendant any state actor. (See, Id.).

Accordingly, the undersigned finds that this Court lacks the subject matter jurisdiction necessary to adjudicate Plaintiffs' claims, and therefore, the present case must be dismissed. See, Fed. R. Civ. P. 12(h)(3). The recommended dismissal of the present action necessarily moots the other motions pending in the present case; thus, those pending motions should be denied as moot.

Therefore, **IT IS HEREBY RECOMMENDED THAT**:

1. The present action be **DISMISSED** for lack of subject matter jurisdiction;
2. Defendants' Motion to Dismiss, [Docket No. 15], be **DENIED without prejudice as moot**;
3. Defendants' Motion to Dismiss, [Docket No. 28], be **DENIED without prejudice as moot**; and
4. Plaintiff's Application for Default Judgment, [Docket No. 40], be **DENIED as moot**.

And, **IT IS HEREBY ORDERED THAT**:

1. Plaintiffs' Motion to Strike Defendants' Motion to Dismiss and Enter Default, [Docket No. 35], is **DENIED as moot**;
2. The Motions Hearing presently scheduled before the undersigned on March 21, 2019, is hereby **CANCELLED**.

Dated: February 19, 2019                                s/ Leo I. Brisbois
                                                        Leo I. Brisbois
                                                        U.S. MAGISTRATE JUDGE

# N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).