# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMES BRIKS AND JEROME BRIKS, | Case No. 19-CV-0001 (NEB/LIB) |
| Plaintiffs, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| KARL J. YEAGER, MEAGHER & GEER, SUE M. KIRTZ, JOHN DOES I-X, AND JANE DOES I-X, | |
| Defendants. | |

In a Report and Recommendation filed February 20, 2019, United States Magistrate Judge Leo I. Brisbois recommends that this action be dismissed for lack of subject-matter jurisdiction. [ECF No. 46 ("R&R").] Plaintiffs James and Jerome Briks timely objected to the R&R. For the reasons below, the Court overrules the objections, accepts the R&R, and dismisses the petition without prejudice for lack of subject-matter jurisdiction.

On January 2, 2019, *pro se* plaintiffs James and Jerome Briks brought this suit against Karl J. Yeager; Meagher & Geer, attorneys at law; Sue M. Kirtz; and Jane and John Does (I-X), alleging various negligence and malpractice claims. Plaintiffs admitted that all parties are residents of Minnesota and did not claim any federal question. On January 8, 2019, Judge Brisbois issued an Order for Plaintiffs to explain the Court's subject-matter jurisdiction, since the Complaint did not show it. [ECF No. 10.] Plaintiffs did not respond

to this Order, and instead filed an amended complaint. [ECF No. 24 ("Am. Compl.").] The Amended Complaint again admits that all parties are residents of Minnesota and claims the cause of action arises under the laws of the United States. (*Id*.) In claim two of the Amended Complaint, Plaintiffs assert that Defendants allowed non-attorneys to "handle, view, add to legal documents…without any legal authority," and thus violated Federal and State Law. (*Id*.)

The R&R recommends dismissing the case for lack of subject-matter jurisdiction. (R&R at 6–7.) Plaintiffs objected to the R&R through a filing titled "Reconsideration/Objections to Magistrate Judge's Proposed Findings and Recommendation." [ECF No. 48.] Through the Objection, Plaintiffs request leave to file a Second Amended Complaint and reiterate the Amended Complaint's arguments that subject-matter jurisdiction exists. Plaintiffs also filed a Request for Leave to File a Second Amended Complaint, attaching a Second Amended Complaint ("SAC"). [ECF No. 49.] The SAC includes a fourth claim that Defendants violated Plaintiffs' rights to equal protection and due process under the Fourteenth Amendment.

Since then, Plaintiffs have filed many documents with the Court. [*See* ECF Nos. 72, 78, 88 (summarizing some of these filings).] Included in the later filings is ECF No. 59, titled "Opposition to Defendant's Memorandum of Law in Opposition to Plaintiffs' Objection to Magistrate Judge's Order and Report and Recommendation," which functions as a reply brief. [ECF No. 59 ("Pls' Reply").] Their reply argues the SAC is the

operative complaint, even though the Court has not yet granted them leave to file it. (*See* Pls' Reply at 2; Fed. R. Civ. P. 15(a)(2).)

The Court need not consider Plaintiffs' reply and any filings after their Objection, because the local rules do not permit such filings. *See* D. Minn. LR 72.2(b) (providing only for written objections to an R&R and a response prior to a district judge's review of the R&R). Further, Plaintiffs are incorrect that because "their (sic) is now a Second Amended Complaint, all other documents including the Magistrate Jude (sic), Order and Report and Recommendation is (sic) now moot." (Pls' Reply at 3.) The Amended Complaint is the operative complaint, not the proposed SAC.

Defendants argue that Plaintiffs' Objection should be rejected, because "[r]equesting leave to file a Second Amended Complaint is not a specific objection to the R&R." [ECF No. 51 ("Defs' Opp.") at 3.] Upon the filing of a report and recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b). "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Woolery v. Peterson*, No. CV 16-1745 (JRT/FLN), 2016 WL 6916801, at *1 (D. Minn. Nov. 22, 2016) (quoting and citing *Mayer v. Walvatne*, No. 07–1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008)).

"Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error." *Id.* (quoting and citing *Montgomery v. Compass Airlines, LLC,* 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015)). Similarly, courts have found the Magistrate Judge's recommendations may be reviewed as if no objections were filed when a party "does not cite any reason why the Magistrate Judge's determination was incorrect, nor any basis for th[e] Court to reach a different outcome." *Reed v. Curry Concrete Const., Inc.,* No. CIV. 10-4329 JRT/LIB, 2011 WL 2015217, at *2 (D. Minn. May 23, 2011) (quotation marks and citations omitted).

While Plaintiffs assert the Objection was specific because they "very clearly… requested leave to file a Second Amended Complaint," the Objection does not argue that Judge Brisbois's findings and recommendations are erroneous. Instead, it generally disagrees with the recommendation of dismissal and asks for another opportunity to establish subject-matter jurisdiction by filing a Second Amended Complaint. Because Plaintiffs do not argue that Judge Brisbois's determination was incorrect, the Objection is not a specific one.

Judge Brisbois did not clearly err in recommending the Court dismiss this matter for lack of subject-matter jurisdiction. A federal court may have subject-matter jurisdiction based on either diversity jurisdiction, 28 U.S.C. § 1332, or federal-question jurisdiction, 28 U.S.C. § 1331. The issue here is whether there is federal-question

jurisdiction, since there is no diversity jurisdiction because both Plaintiffs and Defendants reside in Minnesota. Pursuant to 28 U.S.C § 1331, "[t]he district courts shall have jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal-question jurisdiction exists either when (1) "federal law creates the cause of action" or (2) "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 27–28 (1983). Plaintiffs fail to articulate any grounds for federal-question jurisdiction. The Amended Complaint is void of any factual allegations supporting a federal cause of action or relief dependent on federal law. Plaintiffs raise only state-law claims, and conclusory assertions that any violations "arise under Federal law" or "under the Constitution, laws, or treaties of the United States of America" simply fall short of establishing federal-question jurisdiction. (*See* Am. Compl. at 4–5, 11.)

Moreover, even if the Objection was a specific one, "[a] party cannot seek to amend a pleading in an objection … but must bring a motion to amend." *Fredin v. Middlecamp*, No. 0:17-CV-3058-SRN-HB, 2018 WL 4616456, at *4 (D. Minn. Sept. 26, 2018). Here, Plaintiffs already amended their complaint as a matter of course, and thus may only amend their pleading with the opposing party's written consent or the Court's leave. Fed. R. Civ. P. 15(a). Plaintiffs have neither sought Defendants' consent nor properly petitioned this Court for leave to amend the Amended Complaint. The request to file a

SAC also fails to comply with the Local Rules. "Before filing a nondispositive motion, a party must contact the magistrate judge's courtroom deputy to schedule a hearing." D. Minn. LR 7.1(b). Additionally, Local Rule 7.1(b) requires that such a motion be accompanied by a notice of hearing, a memorandum of law, any affidavits or exhibits in support of the motion, a meet-and-confer statement, and a proposed order. D. Minn. LR 7.1(b)(1). Finally, when amending pleadings, the motion must be accompanied by "… a version of the proposed amended pleadings that shows—through redlining, underlining, strikeouts, or other similar effective typographic methods— how the proposed amended pleading differs from the operative pleading. If the court grants the motion, the moving party must file and serve the amended pleading." D. Minn. LR 15.1. The Court is cognizant that Plaintiffs are proceeding *pro se*, and "[a] document filed *pro se* is to be liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and quotation marks omitted), but *pro se* litigants are not excused from failing to comply with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Plaintiffs' Objection is procedurally improper, and must be denied.

And although under Fed. F. Civ. P. 15(a)(2), leave should be freely given when justice so requires, a "court may appropriately deny leave to amend where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the non–moving party, or futility of the amendment." *Moses.com Sec., Inc. v. Comprehensive Software*

*Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (citations and quotation marks omitted). Even if Plaintiffs' request to file a SAC was procedurally proper, the proposed amendment is futile because it does not establish jurisdiction. Amendment is futile where the proposed amended claim would not withstand a Rule 12(b)(6) motion to dismiss. *See ecoNugenics, Inc. v. Bioenergy Life Sci., Inc.*, 355 F. Supp. 3d 785, 793 (D. Minn. 2019) (citing *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010)). "[A] proposed amended complaint that fails to state a plausible cause of action under the *Twombly* and *Iqbal* pleading standard will be denied as futile." *Id.* (citation omitted). Plaintiffs concede there is no diversity jurisdiction by asserting Defendants are residents of Minnesota. And, like the first Amended Complaint, the SAC does not raise a federal question. The sole addition to the SAC is a vaguely asserted equal protection and due process claim:

> The defendants actions by not serving the legal documents on the defendants in the civil matter, and as attorneys or lawyers, either knew or should have known, to afford the Briks Brothers the same rights to conduct their representation of their documents as they do all other clients, and by these attorneys or lawyers, not affording the Briks Brothers the same rights, privileges and protection as provided by all citizens, these attorneys directly violated Equal Protection and the Due Process Clause is attached.

[ECF No. 49-1 at 15, ¶ 27.] This claim fails to plausibly allege any violation of a constitutional or federal statutory right. *See, e.g., Peck v. Hoff*, 660 F.2d 371, 373 (8th Cir. 1981) (providing the basis for due process entitlements); *Am. Family Ins. v. City of Minneapolis*, 836 F.3d 918, 921 (8th Cir. 2016) (providing the basis for an equal protection claim). Finally, Plaintiffs do not allege that Defendants are state actors, as required by

both the Due Process and Equal Protection Clauses. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982) (demonstrating only state actors can violate the Fourteenth Amendment). As a result, the amendment is futile because the SAC does not allege any federal claims. The Court will, therefore, dismiss this action without prejudice for lack of subject-matter jurisdiction.

## CONCLUSION

Based on all of the files, records, and proceedings herein, the Court OVERRULES Plaintiffs' objection [ECF No. 48] and ACCEPTS the R&R [ECF No. 46]. Accordingly, IT IS HEREBY ORDERED THAT:

1. The present action is DISMISSED without prejudice for lack of subject-matter jurisdiction;

2. Defendants' Motion to Dismiss [ECF No. 15] is DENIED without prejudice as moot;

3. Defendants' Motion to Dismiss [ECF No. 28] is DENIED without prejudice as moot; and

4. Plaintiffs' Application for Default Judgment [ECF No. 40] is DENIED as moot.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 15, 2019                          BY THE COURT:

                                             s/Nancy E. Brasel
                                             Nancy E. Brasel
                                             United States District Judge